UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Ft. Lauderdale Division

CASE NO. 16-60643-CIV-DIMITROULEAS

```
EWC P&T, LLC, a Florida Limited      )
Liability Company,                   )
                                     )
              Plaintiff,             )
                                     )
     vs.                             )
                                     )
JOHN DOE 1 d/b/a                     )
"EXQUISITEPRODUCTS2016," et.al.,     )
                                     )
              Defendants.            )
_____)
```

**PLAINTIFF'S EX PARTE MOTION FOR LEAVE TO CONDUCT DISCOVERY PRIOR TO RULE 26(f) CONFERENCE, AND FOR PRESERVATION ORDERS**

Plaintiff hereby files its *Ex Parte* Motion for Leave to Conduct Discovery Prior to Rule 26(f) Conference, including the issuance of non-party subpoenas, and for an order to third parties and Defendants to preserve evidence.

**I.    INTRODUCTION**

Good cause exists to issue early Rule 45 subpoenas to discover the Doe defendants' identities prior to the Rule 26(f) conference. Plaintiff EWC P&T, LLC filed suit against unknown Doe Defendants, including Doe *aliases* "exquisiteproducts2016", "annasfactory," "tom199379," and "expo_lots," alleging claims for federal trademark infringement; false designation, description, and representation under the Lanham Act; common law trademark infringement; and common law unfair competition.

1

The Doe Defendants have posted items for sale in eBay auctions consisting of products that the Plaintiff will be launching later this year, but which at the present time have not been released to the consuming public (namely, the Plaintiff's BROWFECTION, GRACEFUL STRUT, CHEEKY STRUT, and SENSUAL STRUT lines of brow and skin care products). In connection with these eBay auction listings and the sale of these products, the Defendants are making unauthorized use of the Plaintiff's registered EUROPEAN WAX CENTER trademark.

Since the Plaintiff has taken great care to ensure that these products would not be available prior to their official launch later this year, the Plaintiff can only conclude that the products have been unlawfully diverted or converted, or, are a counterfeit version of its unreleased product. To the extent the products are not a counterfeit, they are infringing by virtue of the fact that they are not otherwise genuine or were not authorized for sale. As such, the Plaintiff has set forth *prima facie* claims of trademark infringement and unfair competition.

Since the online auction site (eBay) will not provide identifying information for the Doe defendants (even upon written request or in response to a Notice of Claimed Infringement), and since there is a risk that eBay and its wholly owned subsidiary PayPal will destroy logs documenting the listing and any related transactions prior to the Rule 26 conference, the Plaintiff asks

the Court to be allowed to discover Defendants' identities from the third parties whose services the Defendants have used to sell the Plaintiff's unreleased products, without authorization.

A subpoena compelling the production of identifying information for the Doe Defendants, and an evidence preservation order should be authorized by the Court. Plaintiff has submitted herewith a Proposed Order granting this motion which attaches Subpoenas the Plaintiff proposes to serve on eBay and Paypal, and regarding the preservation of evidence in connection with this action.

## II. FACTUAL BACKGROUND

1. Plaintiff is the owner of the European Wax Center registered trademarks, including U.S. Trademark Reg. No. 3,097,087, for use in connection with beauty salon services featuring hair removal at over 500 locations in the United States of America, as well as, trademark registrations for its marks for use in connection with various beauty and cosmetic products.

2. Plaintiff is also the owner of U.S. Serial No. 86/434,175, a trademark application based on a bona fide intent to use the mark "BROWFECTION," in connection with unreleased brow care products, and related products and services. The application was filed on October 24, 2014, and a Notice of Allowance has been issued by the United States Patent Trademark Office for that application.

3. Plaintiff is also the owner of U.S. Serial No. 86/953,433, a trademark application based on a bona fide intent to use the mark "GRACEFUL STRUT," in connection with beauty and skin care products, namely, body lotion and body polish.

4. Plaintiff is also the owner of U.S. Serial No. 86/953,462, a trademark application based on a bona fide intent to use the mark "CHEEKY STRUT," in connection with beauty and skin care products, namely, body lotion and body polish.

5. Plaintiff is also the owner of U.S. Serial No. 86/953,482, a trademark application based on a bona fide intent to use the mark "SENSUAL STRUT," in connection with beauty and skin care products, namely, body lotion and body polish.

6. These products and other unreleased products are the subject of confidentiality agreements between Plaintiff and its manufacturers and distributors. The products at issue in this case are not yet available to the consuming public. Declaration of Rebecca Jones at ¶¶ 2-3.

7. Third party eBay, Inc. ("eBay") is an electronic commerce company that provides consumer-to-consumer and business-to-consumer sales services via the Internet, at www.ebay.com.

8. Third party PayPal, Inc. ("PayPal") is a wholly owned subsidiary of eBay, and is a payment technology company that allows payments and transfers of money to be made at its website, www.paypal.com, or through purchases via eBay at www.ebay.com.

9. In March 2016, Defendant Doe 1, using the eBay username "exquisiteproducts2016", listed for sale by eBay auction over 60 of the unreleased BROWFECTION products, which upon information and belief, are products that have been diverted, converted, or that are a counterfeit or otherwise infringing. Complaint, Exhibit 1.

10. Defendant Doe 1's auction also makes use of the Plaintiff's EUROPEAN WAX CENTER mark on the product listing title and description, without Plaintiff's authorization.

11. In March 2016, Defendant Doe 2, using the eBay username "annasfactory," listed for sale by eBay auction over 5 of the Plaintiff's unreleased BROWFECTION products, which upon information and belief, are products that have been diverted, converted, or that are a counterfeit or otherwise infringing. Complaint, Exhibit 2.

12. Defendant Doe 2's auction also makes use of the Plaintiff's EUROPEAN WAX CENTER mark on the product listing title and description, without Plaintiff's authorization.

13. On March 23, 2016, Plaintiff's counsel sent Notices of Claimed Infringement to eBay through its "VeRO" program for each auction listing from Defendants Doe 1 and 2, having eBay item numbers 291703670666 and 322035066656.

14. In March 2016, Defendant Doe 3, using the eBay username "tom199379," listed for sale by eBay auction over 20 of the Plaintiff's unreleased BROWFECTION products, which upon

information and belief, are products that have been diverted, converted, or that are a counterfeit or otherwise infringing. Complaint, Exhibit 3.

15. Defendant Doe 3's auction also makes use of the Plaintiff's EUROPEAN WAX CENTER mark on the product listing title and description, without Plaintiff's authorization.

16. In March 2016, Defendant Doe 4, using the eBay username "expo_lots," listed for sale by eBay auction over 20 of the Plaintiff's unreleased GRACEFUL STRUT, CHEEKY STRUT, and SENSUAL STRUT products, which upon information and belief, are products that have been diverted, converted, or that are a counterfeit or otherwise infringing. Complaint, Exhibit 4.

17. A product purchased in connection with Defendant Doe 4's auction makes use of the Plaintiff's EUROPEAN WAX CENTER mark on the product, without Plaintiff's authorization. Declaration of Rebecca Jones at Paragraph 5; see also Exhibit A to Declaration of Rebecca Jones. The product purchased in connection with Defendant Doe 4's auction arrives without the Plaintiff's authorized wrapping, and instead uses scotch tape as a seal. Declaration of Rebecca Jones at Paragraph 6; see also Exhibit A to Declaration of Rebecca Jones. Defendant Doe 4's pertinent eBay listings also depict the Plaintiff's federally-registered REVEALING BEAUTIFUL SKIN trademark. Complaint, Ex. 4.

18.   On March 25, 2016, Plaintiff's counsel sent Notices of Claimed Infringement to eBay through its "VeRO" program for each auction listing from Defendants Doe 3 and 4, having eBay item numbers 171860187169, 172059894916, 381568866255, 172134894079, 381570332382, and 172114118901.

19.   Since the Defendants' unauthorized use of Plaintiff's marks and unlawful sale of these unreleased products interfere with Plaintiff's ability to exercise quality control over the products, the Plaintiff fears that the unauthorized sale of these items will damage Plaintiff's reputation. For example, whereas the GRACEFUL STRUT body lotion will be authorized for sale with shrink-wrap, a product purchased from Defendant Doe 4 ("expo_lots") arrives with a scotch tape seal. Declaration of Rebecca Jones at Paragraph 6; see also Exhibit A to Declaration of Rebecca Jones.

20.   Plaintiff does not know Defendants' true identities, and can only identify the Defendants by their eBay usernames, which are referenced above. Plaintiff has been unable to identify the Doe Defendants.

### III. PROCEDURAL BACKGROUND

On March 25, 2016, Plaintiff filed the complaint in this action for federal trademark infringement; false designation, description, and representation under the Lanham Act; common law trademark infringement; and common law unfair competition, arising from the unauthorized production, distribution, sales, and offers

7

to sell the Plaintiff's above-referenced unreleased products, in violation of Plaintiff's federal and common law trademark rights.

### IV. MEMORANDUM OF LAW

The Southern District of Florida allows a plaintiff to take discovery to identify Doe defendants when the identity of such defendants is not known prior the filing of a complaint. <u>Malibu Media, LLC v. Doe</u>, 2014 U.S. Dist. LEXIS 49534, 1-2 (S.D. Fla. Apr. 4, 2014). A court order is required, however, to take this discovery before Federal Rule of Civil Procedure 26(f) conference. <u>See</u> Fed. R. Civ. P. 26 (d)(1) ("A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except . . . by court order.").

Courts generally consider whether "the administration of justice outweighs the prejudice of the responding party," when determining whether there is good cause to permit such early discovery. <u>TracFone Wireless, Inc. v. Adams</u>, 304 F.R.D. 672, 673 (S.D. Fla. 2015) (citing <u>Semitool, Inc. v. Tokyo Electron Am., Inc.</u>, 208 F.R.D. 273, 275-76 (N.D. Cal. 2002); <u>Qwest Communs. Int'l, Inc. v. WorldQuest Networks, Inc.</u>, 213 F.R.D. 418, 419 (D. Colo. 2003)).

Because a case against a defendant cannot proceed if that defendant is unidentified, federal courts, including in this district, have routinely found good cause to serve third party subpoenas in cases such as this one. This is necessary so that a

plaintiff may discover the identity of a Doe defendant that allegedly infringed on the plaintiff's intellectual property rights. See Aerosoft GmbH v. John Does 1-50, 104 U.S.P.Q.2d 1697, [WL] at *3 (S.D. Fla. 2012); see also Arista Records, LLC v. Doe 3, 604 F.3d 110, 113 (2d Cir. 2010); Arista Records LLC v. Does 1-19, 551 F. Supp. 2d 1, 4 (D.D.C. 2008) (noting that "expedited discovery was appropriate and necessary because 'Defendants must be identified before this suit can progress further.'"); LaFace Records, LLC v. Does 1-5, No. 07-187, 2007 U.S. Dist. LEXIS 72225, 2007 WL 2867351, at *1-2 (W.D. Mich. Sept. 27, 2007).

It cannot be ruled out at this point that the products offered in the eBay auctions are counterfeits. In this regard, accelerated discovery is specifically contemplated by 15 U.S.C. § 1116(d)(10)(B) of the Trademark Counterfeiting Act, which states "[i]n connection with a hearing . . . the court may make such orders modifying the time limits for discovery under the Rules of Civil Procedure as may be necessary to prevent the frustration of the purposes of such hearing." Courts have recognized that accelerated discovery may be particularly appropriate in cases of trademark counterfeiting. "Expedited discovery should be granted when some unusual circumstances or conditions exist that would likely prejudice the party if he were required to wait the normal time. Such prejudice is frequently the case where a well-known trademark, such as the Plaintiff's EUROPEAN WAX CENTER trademark,

9

has been counterfeited and the sources or purchasers of the counterfeit products are unknown to plaintiff." <u>Dell Inc. v. Belgium Domains, LLC</u>, 2007 U.S. Dist. LEXIS 98676, 18-19 (S.D. Fla. Nov. 20, 2007) (quoting <u>Fimab-Finanziaria Maglificio Biellese Fratelli Fila S.p.A. v. Kitchen</u>, 548 F. Supp. 248, 250 (S.D. Fla. 1982).

An order allowing discovery prior to the Rule 26 conference, and ordering the preservation of evidence in the hands of non-parties is justified. Indeed, the relevant non-parties require such an order as a predicate to the production of records that will help trace the users of those electronic accounts which Plaintiff seeks, in accordance with their Privacy Policies and current practices. For example, eBay's Privacy Policy states that "[w]e disclose limited personal contact information to verified requests by law enforcement and government officials who conduct criminal investigations. We require a subpoena for additional personal information, in accordance with our User Privacy Notice" at <u>http://pages.ebay.com/help/account/protecting-privacy.html</u>.

Likewise, there is a risk that the evidence sought may be lost if the order is not granted, because it is the usual practice of companies such as eBay, PayPal, and other like-providers to not store backup copies of information that have been deleted from user accounts after a period of time, which is sometimes a matter of mere months. For example, eBay's data retention policy further

10

states that "[w]e retain your personal information as long as it is necessary and relevant for our operations." http://pages.ebay.com/help/policies/privacy-policy.html#use.

Therefore, despite having evidence of prima facie trademark infringement, and a risk of continuing infringement, Plaintiff does not know Defendants' identities, and cannot have the Rule 26(f) conference until Defendants' identities are uncovered. Plaintiff cannot even pursue this lawsuit without the further identifying information regarding the Doe Defendants, information that can only be obtained from eBay and/or Paypal.

### III. CONCLUSION

The Complaint identifies the Plaintiff's intellectual property that has been infringed, including at least the infringement of a federally registered trademark, which has been and continues to be infringed in connection with the referenced eBay sales.

To protect the consumers in the marketplace as well as Plaintiff's goodwill and reputation from further unlawful exploitation, Plaintiff respectfully requests that the Court enter the proposed order submitted herewith, to grant the Plaintiff leave to serve third party subpoenas directed to eBay and Paypal, and to order that these entities preserve evidence pertaining to this action.

Dated: March 30, 2016                    Respectfully submitted,

                                         s/Oliver Alan Ruiz
                                         John Cyril Malloy, III
                                         Florida Bar No. 964,220
                                         jcmalloy@malloylaw.com
                                         Oliver Alan Ruiz
                                         Florida Bar No. 524,786
                                         oruiz@malloylaw.com
                                         **MALLOY & MALLOY, P.L.**
                                         2800 S.W. Third Avenue
                                         Miami, Florida  33129
                                         Telephone (305) 858-8000
                                         Facsimile (305) 858-0008

                                         *Attorneys for Plaintiff*